IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FALISHA BLAYLAK,

    Plaintiff,

v.                                                             Case No.: 1:18-cv-949

MOMENTUM CHARTERS, L.L.C.,
D/B/A AUSTIN CHARTER SERVICES,
ABDUL ABDI, and DIANA ABDI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FALISHA BLAYLAK, by and through her undersigned counsel, hereby sues the Defendants, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, ABDUL ABDI and DIANA ABDI, and in support thereof alleges as follows:

### INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

### JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by

Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, has offices located in Austin, Texas.

## THE PARTIES

4. Plaintiff is an individual who resides in Crosby, Texas, and worked for Defendants from August 20, 2017 to October 18, 2018.

5. Plaintiff worked as a "Dispatcher," and was paid on a salary basis.

6. Some of the principle duties of Plaintiff were to provide dispatching services for Defendant as well as some office administrative duties.

7. Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, is a limited liability corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Travis County, Texas.

8. Defendant, DIANA ABDI, is a resident of Austin, Texas.

9. Defendant, ABDUL ABDI, is a resident of Austin, Texas.

**UNPAID OVERTIME WAGES**

10. Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, operates a company primarily engaged in business of providing charter bus services and is an employer as defined by 29 U.S.C. § 203(d).

11. Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, has employees subject to the provisions of 29 U.S.C. §207 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, employed two or more employees, had an annual dollar volume of sales or business done of at least $500,000.00, and had employees who handled or otherwise worked on goods or materials that have been moved in or produced for commerce.

13. At all times material to this complaint, Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material hereto, Defendants, DIANA ABDI, and ABDUL ABDI, actively ran the business of Defendant, MOMENTUM CHARTERS, L.L.C.,

Page 4 of 7

D/B/A AUSTIN CHARTER SERVICES, on a day-to-day basis and acted directly or indirectly in the interest of Defendant, MOMENTUM CHARTERS, L.L.C., D/B/A AUSTIN CHARTER SERVICES, in relation to the employment of Plaintiff and were substantially in control of the terms and conditions of her work.

15. Plaintiff was at all times material individually engaged in commerce as her work was directly related to the persons and information in interstate commerce.

16. Defendants, DIANA ABDI, and ABDUL ABDI, had the ability to hire and fire Plaintiff and controlled her rate of pay and method of pay, schedule, and conditions of employment and were her employer as defined by 29 U.S.C. §203(d).

17. During one or more weeks of her employment with Defendants, Plaintiff worked in excess of forty (40) hours.

18. Plaintiff's regular schedule required her to work from 5:30 a.m. until 4:30 p.m., Monday through Friday, 6:00 a.m. until 8:00 a.m. (sometimes more) on Saturday and 6:00 a.m. until 7:30 a.m. (sometimes more) on Sunday.

19. Plaintiff did not exercise job duties while employed by Defendants that would qualify for any exemption under the FLSA.

20. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

21. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

22. Specifically, Plaintiff worked an average of sixty (60) hours per week during her employment with Defendants, but was not paid any premium for her overtime work.

23. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

24. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

26. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal

Rules of Civil Procedure.

WHEREFORE, Plaintiff, FALISHA BLAYLAK, demands Judgment, jointly and severally, against Defendants for the following:

a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**